UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SAMORI JODAN SMOKES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CR616-010 |
| ) | CV622-060 |
| ) | |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

# REPORT AND RECOMMENDATION

Samori Jodan Smokes pleaded guilty to a single count of conspiracy to possess with intent to distribute and to distribute controlled substances on March 6, 2017. Doc. 279 at 1 (Judgment).[1] He was sentenced to one hundred and thirty-two months of incarceration and three years of supervised release. *Id.* at 2-3. He filed a motion to vacate the judgment, purportedly pursuant to 28 U.S.C. § 2255, in August 2022. Doc. 487. As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 487.

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR616-010.

## ANALYSIS

Smokes' Motion, which was not submitted on the standard form, asserts a single ground for relief.[2] *See generally* doc. 487. He appears to contend that his sentence is being miscalculated to effectively increase his sentence from the imposed 132 months to 139 months and twenty-five days. *See id.* at 1 (citing United States Sentencing Guidelines §§ "5G1.3 or 5K2.23 . . . [or] Escape Valve 5K2.0(a)(2)(B)"). He also cites 18 U.S.C. § 3553(a), which enumerates factors the court must consider in imposing sentences. *See id.* Despite that citation, he does not reference the statute again. *See generally id.*

The District Judge recently noted that Smokes has filed three "motion[s] for time-served credit toward his federal sentence." *See* doc.

---

[2] *See* Rule 2(c), Rules Governing Section 2255 Proceedings ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). The Motion also fails to allege any claims with sufficient clarity to support § 2255 relief. *See, e.g., Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)) (vague, conclusory allegations in a § 2255 motion are insufficient to state a basis for relief); *see also Killen v. United States*, 2021 WL 7159181, at *5 (11th Cir. Sept. 8, 2021) ("Conclusory claims, unsupported by facts or argument, cannot entitle a movant to § 2255 relief."). The Court might, therefore, require Smokes to replead, using the proper form and clarifying his claim. *Cf.* Rule 2, Rules Governing Section 2255 Proceedings, advisory committee note to 2004 amendments ("The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b)."). However, as discussed below, this Court lacks jurisdiction so repleading would be futile.

484 at 1. The District Judge's Order noted that "[h]e argues his federal sentence should run concurrently with [a] period of state incarceration, [cit.], such that his 132-month sentence should instead be a 125-month sentence, [cit.]." *Id.* (citations omitted). His claim in the instant motion appears similar. *See* doc. 487 at 1 (alleging "[b]ased on the Federal Indictment and circumstances beyond Smokes['] control seven months and twenty[-]five days increase [sic] Smokes['] sentence in length [i]ncreasing the 132 months to 139 months and twenty[-]five days [i]ncarceration."). He does not, however, appear to challenge the 132-month sentence imposed in the Judgment. *Compare* doc. 487 at 1 (alleging that his sentence has been "increase[d]" from "132 months to 139 months and twenty[-]five days [i]ncarceration."), *with* doc. 279 at 2 (judgment imposing a term of incarceration of "132 months").

The limited substance of Smokes' Motion appears to argue that his challenge is cognizable under § 2255. *See* doc. 487 at 1-2. Several terse sentences and citations to out-of-circuit authority appear to be counterarguments to an anticipated objection that his request challenges the execution of his sentence, and, as such, is only cognizable under 28 U.S.C. § 2241 in the district of his incarceration. *See, e.g., United States*

3

*v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) (explaining that § 2241 petitions are "the proper vehicle to challenge the execution of a sentence," including "the Bureau of Prison's . . . calculation and execution of [a] sentence," but "motions made pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated." (internal quotation marks and citations omitted)). Smokes is correct to anticipate that argument, as the District Judge already informed him that § 2241 "is [his] exclusive remedy, [and] must be filed in the district of incarceration." Doc. 484 at 3 (citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n. 1 (11th Cir. 2008)). Although not cited by the District Judge, the Eleventh Circuit has explicitly held that it is error to construe a request for "credit for time served under [U.S.S.G.] § 5G1.3 . . . as a . . . § 2255 motion, instead of a § 2241 petition." *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011); *see also id.* at 903 (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("Granting credit for time served under U.S.S.G. § 5G1.3 'is, in the first instance, an administrative, not a judicial function.' [Cit.] Credit for time served may be sought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." (citation omitted)); *United States v. Frank*,

4

2012 WL 12973972, at *1 (S.D. Ga. Oct. 15, 2012) (Bowen, J.) (motion seeking credit for time served under U.S.S.G. § 5G1.3 can only be brought under § 2241).³ Since Smokes requests an "adjustment" of his sentence

---

³ Smokes' citations to cases in the Ninth Circuit implicate the possibility, recognized explicitly by courts outside this Circuit, that *some* challenges under § 5G1.3 are cognizable under § 2255. *See Apotosky v. Merlak*, 2018 WL 1449535, at *3 (6th Cir. Jan. 2, 2018) (explaining that a movant's argument "that the sentencing judge should have granted him a downward departure pursuant to USSG § 5G1.3 . . . constitutes a challenge to the imposition of his sentence, and not the execution of his sentence" cognizable only under § 2255); *Torralba v. Pearson*, 537 F. App'x 402, 403 (5th Cir. 2013) ("[W]hether the sentencing court should have reduced Torralba's sentence pursuant to § 5G1.3 is an issue that challenges the correctness of the sentence, and therefore Torralba may not proceed on this claim under § 2241 unless he can demonstrate that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e) . . . ."); *Savage v. Zickefoose*, 446 F. App'x 524, 525-26 (3d Cir. 2011) (allegation "that the sentencing court should have provided for concurrent federal and state sentences under U.S.S.G. §§ 5G1.3(b) and 5G1.3(c)," as a "challenge[ ] to the application of the Sentencing Guidelines [was] properly considered under § 2255."); *McCall v. United States*, 304 F. App'x 449, 450 (7th Cir. 2008) (movant's "argument that the sentencing court misapplied U.S.S.G. § 5G1.3 at the time of sentencing . . . challenges the imposition of his sentence, which is a contention ordinarily raised only under § 2255 . . . .").

The available authority from courts within the Eleventh Circuit is suggestive, at best. The Middle District of Alabama has recognized a claim under § 5G1.3 can state a cognizable § 2255 claim. *Jackson v. United States*, 2021 WL 3087655, at *2 (M.D. Ala. June 15, 2021) (noting that procedurally ambiguous challenge to application of U.S.S.G. § 5G1.3 was initially construed as a § 2241 petition, but "[u]pon further consideration . . . this court determined that because [movant's] motion appeared to be challenging the district court's application of U.S.S.G. § 5G1.3(b) at the time of sentencing and not the BOP's later calculation of his sentencing credit, his motion was better characterized . . . under 28 U.S.C. § 2255 . . . ."). The authority cited in *Jackson* is limited to out-of-circuit authority and does not acknowledge *Pruitt* at all. *See* 2021 WL 3087655, at *2 n. 7 (citing *Saunders v. Unnamed Warden*, 2008 WL 2775763, at *7 (D.N.J. July 14, 2008)). The Northern District of Georgia has recognized, in *dicta*, that "[t]o the extent that [a § 2241] Petitioner challenges the sentencing court's failure to credit his sentence in accordance with U.S.S.G. § 5G3.1(b), Petitioner is challenging the imposition, rather than the execution, of his federal sentence, and it therefore falls outside the scope of 28 U.S.C. § 2241." *Watson*

that would conform it, in his estimation, to the sentence imposed in the Judgment, he appears to be challenging the execution of his sentence. Because Smokes is incarcerated in West Virginia, *see* doc. 487 at 3, this

---

*v. Grayer*, 2010 WL 617391, at *4 (N.D. Ga. Feb. 18, 2010) (citing *Short v. Revell*, 152 F. App'x 542, 545 (7th Cir. 2005)). The Northern District's analysis also predated *Pruitt*. The remaining in-Circuit authority supporting the conclusion that some § 5G3.1 challenges are cognizable under § 2255 was similarly limited to implicit recognition or *dicta*. *See Campos v. United States*, 2017 WL 3224647 (11th Cir. 2017) (denying certificate of appealability for district court's dismissal of a § 2255 motion asserting § 5G1.3 claim as untimely, pursuant to § 2255(f), without comment on any possible application of § 2241); *United States v. Beamon*, 2016 WL 4098593, at * 1 (S.D. Ga. July 28, 2016) (Hall, J.) (denying a motion seeking a sentence modification and noting "to the extent that Defendant in this case believes he was incorrectly sentenced because the federal sentencing court did not properly apply U.S.S.G. § 5G1.3, this is a collateral attack on the legality of his sentence. As such, Defendant must file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255."); *Carter v. United States*, 2013 WL 6018536, at *2 n. 4 (S.D. Ga. Nov. 13, 2013) (rejecting argument that credit for time served, albeit asserting error under 18 U.S.C. § 3585(b) not USSG § 5G1.3, was "not a mere execution-of-the-sentence argument that is properly brought under § 2241 but rather asserts a fundamental error by the sentencing judge. Such a claim may only be brought pursuant to § 2255."). Given that Smokes' Motion does not explicitly seek to vacate or modify the 132-month term of incarceration imposed, but only to "adjust" it to account for what he seems to contend is a circumstantial extension, he does not appear to assert the sort of challenge under § 5G1.3 that might be cognizable under § 2255.

The other provision of the USSG Smokes invokes, *i.e.* § 5K2.23, incorporates § 5G1.3. *See* U.S.S.G. § 5K2.23(2). The other provision invoked is what Smokes refers to as the "escape valve" provision in § 5K2.0(a)(2)(B), which provides that a downward departure "may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." *Id.* Both of those provisions, therefore, are subsidiary to the application of the specific provision in § 5G1.3. They do not, therefore, provide any stronger basis to construe Smokes' Motion as a § 2255 motion.

Court lacks jurisdiction over Smokes' USSG § 5G1.3-based challenge.[4]

*See, e.g., Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985).

---

[4] The Court might undertake a more thorough analysis of the authority supporting Smokes' assertion that his § 5G1.3 challenge is cognizable under § 2255, but such an undertaking would be futile. Even if Smokes asserted a challenge under the Sentencing Guidelines that is cognizable under § 2255, such a motion would be untimely.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on March 6, 2017. Doc. 279 at 1. He did not file an appeal before the deadline to appeal ran on March 20, 2017. Fed. R. App. P. 4(b)(1)(A); *see also* docket. He had one year from that date to file a habeas motion. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." (citation omitted)). Smokes' § 2255 motion, therefore, would be more than four years too late.

In rare circumstances, the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280). Smokes' two-page motion does not even mention the timeliness issue. Further consideration of whether Smokes' claim is cognizable under § 2255 is, therefore, unnecessary.

7

## CONCLUSION

Smokes' Motion is properly construed as a petition pursuant to 28 U.S.C. § 2241. So construed, this Court lacks jurisdiction over it. Thus, his motion should be **DENIED**, doc. 487, and civil action CV622-060 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA