UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SAMORI JODAN SMOKES, | ) | |
| Movant, | ) | |
| v. | ) | CV622-060 |
| | ) | CR616-010 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. CR616-010, doc. 488; CV622-060, doc. 2. Accordingly, Smokes' objections are **OVERRULED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Smokes' motion is construed as a 28 U.S.C. § 2241 motion and **DISMISSED** for lack of jurisdiction. CR616-010, doc. 487; CV622-060, doc. 1. The Clerk is **DIRECTED** to **CLOSE** civil action CV622-060 and enter the appropriate judgment of dismissal.

The Magistrate Judge recommended that Smokes' motion be construed as a motion pursuant to 28 U.S.C. § 2241, challenging the

execution of his sentence. *See generally* doc. 2.[1] Smokes' Objection does not address the Magistrate Judge's recommended construction. *See generally* doc. 3. The Objection also does not address the Magistrate Judge's analysis and recommendation that, construed as a § 2241 petition, this Court lacks jurisdiction. *See* doc.2 at 5-7; *see also* doc. 3. As discussed below, the only substantive issue raised in Smokes' Objection concerns its viability, construed as a 28 U.S.C. § 2255 motion.

The Magistrate Judge noted that a "more thorough analysis of the authority supporting Smokes' assertion that his [United States Sentencing Guideline] § 5G1.3 challenge is cognizable under § 2255," was moot because such a motion would be untimely. *See* doc. 2 at 7 n. 4. Smokes' Objection concedes that "[t]he 2255 motion was untimely filed," but, charitably construed, asserts that his illiteracy constitutes grounds for equitable tolling. *See* doc. 3 at 1. *Cf. Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (discussing equitable tolling of the statute of limitations for § 2255 claims). Illiteracy is not a basis for equitable tolling. *See, e.g., Alexander v. Watkins*, 49 F. App'x 770, 772 (10th Cir. 2002) (§ 2254 petitioner's assertion of illiteracy,

---

[1] The Court cites to the docket in civil action CV622-060 unless otherwise noted.

among other alleged circumstances, is "insufficient to justify equitable tolling."); *Mason v. Lindsey*, 2018 WL 3587030, at *2 (6th Cir. July 19, 2018) (§ 2254 petitioner's "illiteracy and ignorance of the limitations period do not warrant [equitable] tolling."); *see also, e.g., Lee Peterson v. Sec'y, Dept. of Corrs.*, 2012 WL 12929728, at * 1 (M.D. Fla. June 26, 2012) ("Petitioner's lack of education, ability to read, and pro se status are not considered extraordinary circumstances that would excuse an untimely federal habeas petition.").[2] Smokes' objection, therefore, does not undermine the Magistrate Judge's determination that consideration of his motion as a § 2255 motion would be futile.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation. *See* CR616-010, doc. 488 at 8; CV622-060, doc. 2 at 8. Smokes' motion is construed as a 28 U.S.C. § 2241 motion and **DISMISSED** for lack of jurisdiction. CR616-010, doc. 487; CV622-060, doc. 1. The Clerk is **DIRECTED** to **CLOSE** civil action CV622-060 and enter the appropriate judgment of dismissal.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D.

---

[2] *See Jones v. United States*, 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002) ("We have determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are 'equally valid' in § 2255 cases." (citation omitted))

Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this \_16\_ day of September, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA